UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

OLGA KUNINA,

        Plaintiff,

  - against -

7 WEST 82 LLC and MICHEL KADOE,

        Defendants.

------------------------------------------------------------ X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/15
```

MEMORANDUM
OPINION AND ORDER

15-cv-4755 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.     INTRODUCTION

        Olga Kunina brings this diversity action against 7 West 82 LLC ("7 West") and Michel Kadoe alleging, *inter alia*, sexual harassment and intentional and negligent infliction of emotional distress in violation of New York state law. Defendants move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to join an indispensable party pursuant to Rule 12(b)(7). For the reasons that follow, defendants' motion is DENIED.

## II.  BACKGROUND[1]

Kunina is a German citizen.[2]  She was matched with defendant Michel Kadoe to work as an au pair in his home through an international exchange program.[3]  Kadoe arranged for Kunina's travel to the United States through his company, 7 West, which owns and operates a quasi-hotel for short-term renters in a nine-unit residential brownstone.[4]  Michel Kadoe is 7 West's sole managing member; his brother (and former defendant) Eli Kadoch is an employee of 7 West.[5]  While working as an au pair, Kunina lived in an employee apartment in the 7 West building.[6]  In December 2013, Kunina left her position as an au pair, and 7 West continued to employ Kunina in a housekeeping role.[7]  Kunina eventually left this post, and returned to Germany.[8]

In July 2014, another female 7 West employee discovered an

---

[1]  All facts recited herein are taken from the Complaint.

[2]  *See* Complaint ("Compl.") ¶ 16.

[3]  *See id.* ¶ 58.

[4]  *See id.* ¶¶ 7, 17.

[5]  *See id.* ¶¶ 10-11.

[6]  *See id.* ¶ 32.

[7]  *See id.* ¶ 62.

[8]  *See id.* ¶¶ 62-63.

electronic video recording device in her apartment — the same apartment in which Kunina had resided while working for 7 West.[9] The recording device was purposefully positioned to capture the women in intimate and revealing situations, including using the bathroom and entering and exiting the shower.[10] A subsequent police investigation resulted in the confiscation of spy cameras, wireless remote controls, and other electronic equipment from 7 West, and the filing of criminal charges against Kadoch,[11] who can be seen placing and adjusting the hidden cameras in seized video recordings.[12]

      Kunina subsequently filed this action. Limited discovery was undertaken by the parties for the purpose of determining the citizenship of certain parties, which revealed that Kadoch was an Israeli citizen.[13] In order to preserve diversity jurisdiction and this action, Kunina voluntarily dismissed Kadoch from the case on September 24, 2015.[14] Defendants then filed this motion to dismiss,

---

[9]    See id. ¶ 49.

[10]   See id. ¶¶ 44-46.

[11]   See id. ¶¶ 49-50.

[12]   See id. ¶ 42.

[13]   See 9/22/15 Letter from Timothy J. Dunn, counsel for defendants, to the Court.

[14]   See 9/24/15 Notice of Dismissal as to Defendant Eli Kadoch.

arguing that this Court should dismiss Kunina's complaint as Kadoch is an indispensable party under Rule 19.

## III. LEGAL STANDARDS

### A. Subject Matter Jurisdiction

Federal courts have limited jurisdiction and may not entertain matters over which they do not have subject matter jurisdiction.[15] Section 1332 of Title 28 of the United States Code confers subject matter jurisdiction to the federal district courts, giving them original jurisdiction over cases, in relevant part, "where the matter in controversy exceeds $75,000, exclusive of interest and costs in between . . . (2) citizens of a State and citizens or subjects of a foreign state[.]"[16] "The general rule requiring complete diversity between opposing parties is explicit and unequivocal."[17] "[T]he presence of aliens on two sides of a case destroys diversity jurisdiction."[18]

---

[15] *See Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001).

[16] 28 U.S.C. § 1332(b)(2).

[17] *International Shipping Co., S.A., v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989).

[18] *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) (citation omitted). *Accord Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse*, 996 F.2d 506, 512 (2d Cir. 1993) ("[T]he alignment of alien corporations as both plaintiffs and defendants defeats the allegation of diversity jurisdiction[.]").

### B.     Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert by motion the defense that a court lacks subject matter jurisdiction to hear a claim. "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."[19]  Courts also have an "independent obligation to establish the existence of subject matter jurisdiction."[20]  In considering a motion to dismiss for lack of subject matter jurisdiction, the court must assume the truth of material facts alleged in the complaint.[21]

### C.     Rule 12(b)(7) Motion to Dismiss

"Rule 19 'sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party.'"[22]  The court begins by determining whether a party is "required to be joined if feasible" under

---

[19]     *Al–Khazraji v. United States*, 519 Fed. App'x 711, 713 (2d Cir. 2013) (citing *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) (quotation marks omitted)).

[20]     *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 385 (S.D.N.Y. 2014).

[21]     *See Hijazi v. Permanent Mission of Saudi Arabia to United Nations*, 403 Fed. App'x 631, 632 (2d Cir. 2010).

[22]     *Berkeley Acquisitions, LLC v. Mallow, Konstam & Hager, P.C.*, Nos. 09 Civ. 2319, 09 Civ. 3771, 2009 WL 2191118, at *3 (S.D.N.Y. July 20, 2009) (quoting *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000)).

Rule 19(a).[23]  Rule 19(a) provides that a party must be joined if the court "cannot accord complete relief among existing parties," or if proceeding would impede an interest claimed by that absent party or expose the present parties to "double, multiple, or otherwise inconsistent obligations because of [that] interest."[24]

If a party is necessary under Rule 19(a), the court must determine whether joinder of that party is feasible in the face of jurisdictional or other concerns.[25]  If joinder is infeasible, but the court determines that a party is indispensable under Rule 19(b), then the court must dismiss the action.[26]  Rule 19(b) states that a court should, in determining whether a party is indispensable, consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.[27]

---

[23]  Fed. R. Civ. P. 19(a).

[24]  *Id.*

[25]  *See Berkeley Acquisitions*, 2009 WL 2191118, at *4.

[26]  *See id.*

[27]  Fed. R. Civ. P. 19(b).

## IV. DISCUSSION

Kadoch is not a necessary party to this action under Rule 19(a)(1)(A), as Kunina may be accorded complete relief on either a joint or vicarious theory of liability. She has alleged both that Kadoch was an employee of 7 West, and that all of the original defendants — 7 West, Kadoe, and Kadoch — were aware of and participated in the installation and operation of the spy cameras found in her apartment.[28] 7 West and Kadoe are therefore alleged joint tortfeasors with Kadoch, and 7 West is an alleged employer responsible for its employee's actions on a theory of *respondeat superior*. "It is settled federal law that joint tortfeasors are not indispensable parties,"[29] and the Supreme Court has made clear that it is not necessary for all joint tortfeasors to be named as defendants in a single action.[30] The same principle applies to vicarious liability.[31]

Defendants dedicate the majority of their reply brief to the fact that plaintiff does not appear to rebut their assertion that Kadoch was never an

---

[28] *See* Compl. ¶¶ 19-21.

[29] *Samaha v. Presbyterian Hosp. in New York*, 757 F.2d 529, 531 (2d Cir. 1985).

[30] *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990).

[31] *See, e.g.*, *Reit v. Post Props., Inc.*, No. 09 Civ. 5455, 2010 WL 743533, at *2 (S.D.N.Y. Feb. 24, 2010) (holding employee was not a necessary party in a suit holding employer liable for employee's tortious actions).

employee of 7 West, arguing this defeats plaintiff's *respondeat superior* claim. This argument is entirely without merit. Plaintiff was under no obligation to explicitly rebut this assertion in her opposition, as plaintiff alleged Kadoch was an employee of 7 West in her Complaint.[32] The Complaint also alleges Kadoe and 7 West both knew of and were jointly responsible for the placement of the spy cameras in plaintiff's apartment.[33] This is a motion to dismiss; I do not consider the alleged facts in parties' moving papers and supporting declarations, I consider the facts alleged in the Complaint — and I take them as true. Plaintiff has alleged both that defendants are joint tortfeasors *and* that Kadoch was an employee of 7 West, subjecting 7 West to liability on a theory of *respondeat superior*. These allegations are sufficient to demonstrate that Kadoch is not necessary under Rule 19(a)(1)(A).

    Nor is Kadoch a necessary party under Rule 19(a)(1)(B). In order to qualify as a necessary party under Rule 19(a)(1)(B), the absent party — here Kadoch — must claim an interest relating to the subject of the action.[34] Kadoch

---

[32]  *See* Compl. ¶ 19.

[33]  *See id.* ¶¶ 19-21.

[34]  *See, e.g.*, *Laborers Local 17 Health & Benefit Fund v. Phillip Morris, Inc.*, 179 F.R.D. 417, 420 (S.D.N.Y. 1998) (citing *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996).

has not done so.[35] Without a self-claimed interest in the action, a party is not necessary under either prong of Rule 19(a)(1)(B).[36]

Because Kadoch is not a necessary party under Rule 19(a), an indispensability analysis under Rule 19(b) is not required. Kadoch need not be joined, and his dismissal from this action on September 24, 2015 preserved this Court's diversity jurisdiction. Defendants have failed to meet their burden under Rule 12(b)(1) and 12(b)(7); this case is properly before this Court.

## V. CONCLUSION

For the foregoing reasons, defendants' motion is DENIED. The Clerk of the Court is directed to close this motion (Dkt. No. 18). A conference is scheduled for November 30, 2015 at 4:30 PM.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
November 12, 2015

---

[35] Indeed, because Kadoch failed to appear in this action, the Court was preparing to enter a default judgment against him prior to his dismissal.

[36] *See Reit*, 2010 WL 743533, at *3.

## - Appearances -

**For Plaintiff:**

Anthony C. Varbero, Esq.
Joseph Mure, Jr., Esq. & Associates
26 Court Street, Suite 2601
Brooklyn, NY 11242
(718) 852-9100

**For Defendants:**

Timothy J. Dunn, III, Esq.
Rebore, Thorpe, & Pisarello, P.C.
500 Bi-County Boulevard, Suite 214n
Farmingdale, NY 11735
(516) 249-6600